# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

JERRY STOKES, JR.,                )
                               )
      Plaintiff,               )
                               )
v.                               )     Case No. 2:25-cv-02581-BCL-cgc
                               )
NISSAN NORTH AMERICA, INC.,  )
                               )
      Defendant.           )
                               )

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Nissan North America, Inc.'s ("NNA") Motion to Dismiss for Failure to State a Claim, filed June 12, 2025. Doc. 9.  The Opposition and Reply were filed in July 2025.  Docs. 13, 16. The judge originally assigned to this case, Judge Mark Norris (Doc. 2), transferred it to the undersigned roughly eight months later (Doc. 18). Having reviewed the filings, for the reasons that follow the Motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff filed his Complaint in Shelby County Circuit Court on May 7, 2025, asserting claims for violation of the federal Magnuson-Moss Warranty Act ("MMW Act") (Count II); breach of warranty (Count I), and Tennessee Statutory Lemon Law (Count III). Doc. 1-2 at 3-7. Plaintiff and both Defendants are citizens of Tennessee. Doc. 1-2 at 4-5. Defendants removed to this Court on June 9, 2025, based on the federal claim for violation of the MMW Act. Doc. 1 at 1-2 (basing federal subject matter jurisdiction on 15 U.S.C. § 2310(d)(1)(B)).

The underlying dispute arises out of alleged car problems.  On May 4, 2020, Plaintiff traded in his 2017 Nissan Sentra to purchase a 2020 Nissan Rogue for $28,750. Doc. 1-2 at 2.  Plaintiff states the maintenance light remains constantly on in the new vehicle. *Id*. at 3. The light indicates a defect in the vehicle's Automatic Braking System ("ABS"), specifically the Automatic Emergency Braking ("AEB"). *Id*. An issue with the AEB could cause the vehicle to stop unexpectedly or prevent the vehicle from automatically stopping to avoid an accident. *Id*. at 2. Plaintiff states that he has taken his vehicle to NNA dealerships on numerous occasions between 2020 and 2021 to resolve the issue with no success. *Id*.

With the purchase of a new vehicle, Defendant supplied a new vehicle warranty.  *Id*. at 2. Plaintiff asserts that this warranty places responsibility on the manufacturer to repair "nonconformity" of the braking computer system. *Id*. at 3. In relevant part, the Nissan 2020 Warranty Information Booklet states:

> The basic coverage period is thirty-six (36) months or 36,000 miles, whichever comes first to cover any repairs needed to correct defects in materials or workmanship of all part and components of each new Nissan vehicle supplied by Nissan.

> The powertrain coverage period is sixty (60) months or 60,000 miles, whichever comes first to cover any repairs needed to correct defects in materials or workmanship.

*Id*. at 7.

Defendant NNA has now filed this Motion to Dismiss, arguing that the applicable statute of limitations period has run on each of Plaintiff's claims. Doc. 9 at 1. This Order follows.

**<u>LEGAL STANDARD</u>**

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than factual allegations that demonstrate "a sheer possibility" of unlawful conduct or are "'merely consistent with' a defendant's liability." *Id*. If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n] that the pleader is entitled to relief" and cannot survive a motion to dismiss. *Id*. at 679. In determining whether the complaint states a plausible claim, the district court must accept the well-pleaded factual allegations in the complaint as true. *Id*. at 678-79. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. In undertaking that analysis, the court must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). This includes "documents attached to the" complaint as exhibits. *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007).

"Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). "However, dismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Id*. "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and [i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id*. (internal citations omitted).

## LEGAL ANALYSIS

I.    **Counts I & II – Breach of Warranty under Tennessee Law and Breach of Warranty Under the Magnuson-Moss Warranty Act**

As relevant here, the first two counts of Plaintiff's complaint present variations on the same issue: whether the claims should be governed by the statute of limitations applicable to UCC claims or the statute of limitations established by the Motor Vehicle Warranty Act, commonly known as the Lemon Law. From there, the question is whether the appliable statute of limitations bars Plaintiff's claims and, specifically, whether that is clear from the Complaint and the materials attached to or incorporated by it.

The Court begins by identifying the statute of limitations applicable to the state-law claim, because resolution of that issue could inform identification of the statute of limitations applicable to the MMW Act claim.

A.      Looking first to Plaintiff's state-law claim for breach of warranty, Defendant NNA asserts that the 4-year statute of limitations imposed by Tenn. Code Ann. § 47-2-725, Tennessee's version of the Uniform Commercial Code ("UCC"), applies to Plaintiff's breach of warranty claim. Under Tenn. Code Ann. § 47-2-725 "[a]n action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued." Plaintiff, in contrast, contends that the Lemon Law's statute of limitations should govern. The Lemon Law statute of limitations provides (with tolling for participation in informal dispute resolution procedures) that a lawsuit must be filed within six months of the later of (a) expiration of "the express warranty term" or (b) "one year following the date of original delivery of the motor vehicle to a consumer." Tenn. Code Ann. § 55-24-107(a); *see also* Tenn. Code Ann. § 55-24-107(b) (tolling statute of limitations during participation in informal dispute resolution procedures).

Defendant has the better argument.  Under the UCC's Tenn. Code Ann. § 47-2-725, "[a]n action for breach of *any* contract for sale must be commenced within four (4) years after the cause of action has accrued." (emphasis added). The statute does not provide an exception for actions

4

against manufacturers. And when Tennessee law explicitly addresses an action against manufacturers, it insists on the four-year statute of limitations; Tenn. Code Ann. §29-28-103 states, "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and *47-2-725*." (emphasis added).

The Lemon Law does not displace the UCC's four-year statute of limitations in the context of breach of warranty claims for automobiles, except insofar as the claim is based on the Tennessee Lemon Law. The Lemon Law creates its own set of obligations and remedies applicable in the event a motor vehicle "does not conform to" an express warranty. Tenn. Code Ann. §§ 55-24-102 – 103, 55-24-108. And it has its own statute of limitations.  But that statute of limitations by its plain language applies only to "[a]ny action *brought under this chapter*." Tenn. Code Ann. § 55-24-107(a) (emphasis added). Moreover, the Lemon Law expressly leaves other statutes untouched: "Nothing in this chapter shall in any way limit[s] the rights or remedies that are otherwise available to a consumer under any other law." Tenn. Code Ann. § 55-24-110.  The UCC—and its statute of limitations—thus continues to apply to claims not based on the Lemon Law.

Decisions of the Tennessee courts underscore the statutory text.  The Tennessee Supreme Court has said, "we are of the opinion that Section 47–2–725 should control *in all actions* wherein a breach of warranty of a contract of sale is alleged." *Paskell v. Nobility Homes, Inc.*, 871 S.W.2d 481, 483 (Tenn. 1994) (emphasis added). In *Paskell*, the Tennessee Supreme Court noted that "[u]nquestionably, T.C.A. § 47–2–725 is the controlling statute of limitations concerning the filing of a case such as this"—that is, a case involving the sale of personal property. *Id*.; *see also Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125, 156 (Tenn. 2021) (applying the UCC to a claim for breach of repair and replacement warranty against a manufacturer).  In opposition,

5

Plaintiff points to *Poppenheimer v. Bluff City Motor Homes, Div. of Bluff City Buick Co.*, in which the Tennessee Court of Appeals in dicta expressed skepticism concerning whether the UCC's statute of limitations should apply where a manufacturer agreed to "repair or replace defective or malfunctioning parts."[1] 658 S.W.2d 106, 109 (Tenn. App. 1983). But that case nowhere suggested that the Lemon Law's statute of limitations should apply, as Plaintiff argues. And, in any event, the *Poppenheimer* dicta is inconsistent with *Paskell* and *Milan*, and even if that were not so, the dicta would not convince this Court that the Supreme Court of Tennessee would overrule its earlier decisions applying the UCC's statute of limitations to claims against manufacturers in deference to the *Poppenheimer* dicta. *See Layman v. Keller Ladders, Inc.*, 455 S.W.2d 594 (Tenn. 1970).

For these reasons, Plaintiff's state-law breach of contract claim is governed by the UCC's four-year statute of limitations.

**B.**     The claim under the MMW Act is likewise governed by the UCC's four-year statute of limitations. The MMW Act allows a "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with … a written warranty, implied warranty, or service contract" to bring suit for damages in federal district court. 15 U.S.C. § 2310(d)(1)(B).

Because the MMWA "does not contain a statute of limitation, claims under the MMWA are subject to the statute of limitation under the state law that is most analogous." *Harmon v. BMW of N. Am., LLC*, No. 2:20-CV-02052-JTF-CGC, 2021 WL 12319385, at *2 (W.D. Tenn. June 29, 2021) (*citing Lowe v. Volkswagen of Am., Inc.*, 879 F. Supp. 28, 30 (E.D. Pa. 1995)). And therein lies the more specific dispute: Defendant argues that Plaintiff's MMW Act claim is subject to the

---

[1] Plaintiff also points to similar concerns expressed by a panel of the Sixth Circuit in *Standard Alliance Industries, Inc. v. Vlack Clawson Co.*, 587 F.2d 813, 821 (1978). But *Standard Alliance* addressed Ohio law, whereas this Court is *Erie*-bound to faithfully follow Tennessee law in this case. *Id.* at 821. And, in any event, both state and federal courts in Ohio have declined to follow *Standard Alliance* on this point. *See Allis-Chalmers Credit Corp. v. Herbolt*, 479 N.E.2d 293, 295 (Ohio Ct. App. 1984); *Grover v. BMW of North Am.*, LLC, 581 F. Supp. 3d 930 (N.D. Ohio 2022).

four-year statute of limitations for breach of contracts for sale set out in Tennessee's version of the Uniform Commercial Code, Tenn. Code Ann. § 47-2-725; Plaintiff on the other hand argues that the most analogous statute of limitations is the one set out in Tennessee's Motor Vehicle Warranties Act (the Lemon Law), which (again) requires a lawsuit to be brought within six months of the later of (a) expiration of "the express warranty term" or (2) "one year following the date of original delivery of the motor vehicle to a consumer." Tenn. Code Ann. § 55-24-107(a); *see also* Tenn. Code Ann. § 55-24-107(b) (tolling statute of limitations during participation in informal dispute resolution procedures).

While both the UCC and the Lemon Law share some characteristics with the MMW Act, the UCC is the more analogous of the two statutes. "The UCC and [MMW Act] are similar in scope, including claims for any consumer product, rather than the [Lemon Law's] limited application to motor vehicles." *Broome v. General Motors, LLC*, 145 So. 3d 645, 651 (Miss. 2014). *Compare* Tenn. Code Ann. § 47-2-725(1) (UCC: broadly establishing statute of limitations for "[a]n action for breach of any contract for sale"), *with* Tenn. Code. Ann. § 55-24-101 et seq. (Lemon Law: addressing obligations and remedies applicable to motor vehicles). In addition, "the UCC and the [MMW Act] apply to implied and express warranties; again, the [Lemon Law] is limited in its application to only express warranties." *Broome*, 145 So. 3d at 651; *compare* Tenn. Code Ann. §§ 47-2-312 – 318 (UCC: addressing both express and implied warranties), *with* Tenn. Code. Ann. § 55-24-101 et seq. (Lemon Law: addressing express warranties, but not implied warranties). Because the UCC is the Tennessee statute most analogous to the MMW Act, the UCC statute of limitations applies to claims under the MMW Act. Courts across the country have reached the same conclusion. *See Gross Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*, 894 N.W.2d 700, 707 (Mich. Ct. App. 2016); *Broome*, 145 So. 3d at 651-52; *Mydlach v.*

*DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1055-56 (Ill. 2007); *Edwards v. Hyundai Motor Am.*, 163 S.W.3d 494, 501 (Mo. App. 2005); *Hillery v. Georgie Boy Mfg.*, 341 F. Supp. 2d 1112, 1114-15 (D. Ariz. 2004); *Murungi v. Mercedes-Benz Credit Corp.*, 192 F. Supp. 2d 71, 78-79 (W.D.N.Y. 2001); *Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 644 (Pa. Super. Ct. 1999); *Tittle v. Steel City Oldsmobile GMC Truck, Inc.*, 544 So.2d 883, 886-87 (Ala. 1989), *overruled on other grounds by Brown v. Gen. Motors Corp.*, 14 So. 3d 104 (Ala. 2009).[2]

    **C.**    As now twice discussed, the governing statute of limitations requires that "[a]n action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued." Tenn. Code Ann. § 47-2-725. Under Tennessee Code Ann. § 47-2-725(b), "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Here, all agree that if the default rule applies according to its terms, Plaintiff's lawsuit is untimely: He purchased the car on May 4, 2020, and he filed the lawsuit on May 7, 2025—more than four years after the delivery. Doc. 1-2 at 4-5.

    Still, again invoking *Standard Alliance*, Plaintiff says the statute of limitations should begin to run when he "discovered a defect that Nissan would not repair under the express warranty provided, because the warranty extended to future performance." Doc. 13 at 5. This argument fails for two independently sufficient reasons. First, Plaintiff does nothing to develop the argument and so has forfeited it. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). Second, the argument is foreclosed by the plain language of the warranty, which is limited to repairs:

---

[2] Plaintiff cites no decision deeming a Lemon Law statute of limitations applicable to an MMW Act claim. Several courts have rejected arguments similar to the one Plaintiff makes here. *See Broome v. Gen. Motors, LLC*, 145 So. 3d 645, 650 (Miss. 2014); *Edwards v. Hyundai Motor Am.*, 163 S.W.3d 494, 501 (Mo. Ct. App. 2005); *Hillery v. Georgie Boy Mfg., Inc.*, 341 F. Supp. 2d 1112, 1114 (D. Ariz. 2004).

1. The basic coverage period is thirty-six (36) months or 36,000 miles, whichever comes first *to cover any repairs needed* to correct defects in materials or workmanship of all part and components of each new Nissan vehicle supplied by Nissan.

2. The powertrain coverage period is sixty (60) months or 60,000 miles, whichever comes first *to cover any repairs needed* to correct defects in materials or workmanship.

*Id.* at 7 (emphases added). That language does not guarantee future performance and so leaves no room for application of a discovery rule like that Plaintiff invokes in passing. *See Paskell*, 871 S.W.2d at 483 ("[A] warranty to merely 'repair is not one that explicitly extends to future performance of the goods.'"); *see also Poppenheimer*, 658 S.W.2d at 111 (concluding that a warranty that states "[t]his warranty covers only repairs made necessary due to defects in material or workmanship" does not extend to future performance).

Finally, Plaintiff invokes the Lemon Law's tolling provision for those who engage in an informal dispute settlement process, observing that the UCC "does not alter the law on tolling the statute of limitations." Doc. 13 at 6 (quoting  Tenn. Code Ann. § 47-2-725(4).  This argument also fails for two reasons.  First, by its own terms the Lemon Law's statute of limitations provision applies to "[a]ny action brought under this chapter"--i.e., the Lemon Law—so it does not apply to other claims at all. Second, the Lemon Law was passed about twenty years *after* the UCC, so the Lemon Law's tolling provision could not possibly have been part of the "law on tolling" that the UCC disclaimed altering.

In sum, viewing the facts in the light most favorable to the Plaintiff, Plaintiff's state law claim for breach of warranty and claim under the MMW Act are **DISMISSED**.

## II.      Count III – Breach of Warranty Under Tennessee Lemon Law

Defendant NNA also contends that Plaintiff's claim under the Lemon Law is foreclosed by the Lemon Law's statute of limitations.  As already discussed, that statute of limitations provides (with tolling for participation in informal dispute resolution procedures) that a lawsuit must be

9

filed within six months of the later of (a) expiration of "the express warranty term" or (2) "one year following the date of original delivery of the motor vehicle to a consumer." Tenn. Code Ann. § 55-24-107(a); *see also* Tenn. Code Ann. § 55-24-107(b) (tolling statute of limitations during participation in informal dispute resolution procedures).

Defendant's argument fails for two related reasons, either of which (and both of which together) requires allowing additional factual development. *First*, whether the statute of limitations bars Plaintiff's Lemon Law claim turns in part, or could turn in part, on whether the defect here falls under the basic warranty period or instead the longer powertrain coverage period. (Plaintiff cites both provisions in the complaint. Doc. 1-2 at 7.) As it stands now, neither Party engages in detail with the terms of the warranties relating to this issue, although Defendant NNA makes a decent case that the AEB system at the center of Plaintiff's claims does not qualify as part of the power train. Doc. 16 at 5-6. That said, the Court will not take Defendant's word concerning the meaning of these potentially technical terms, but will instead allow the Parties an opportunity to develop whatever support they can for their positions, which can be addressed after more focused briefing, perhaps on summary judgment. *Second*, Plaintiff has invoked the Lemon Law's provision tolling the statute of limitations during periods of informal dispute resolution. This factual issue likewise must await a later stage. To decide either of those issues now, at the motion to dismiss stage, would risk running afoul of the rule that a party "need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*,676 F.3d 542, 547 (6th Cir. 2012).

For these reasons, Defendant's Motion is **DENIED** with respect to Plaintiff's claim under Tennessee's Lemon Law.

## CONCLUSION

10

For the foregoing reasons, Defendant NNA's Motion to Dismiss is **GRANTED IN PART**

**AND DENIED IN PART:**

1.  Plaintiff's claims for breach of contract and violation of the MMW Act are **DISMISSED**.

2.  Defendant NNA's Motion is **DENIED** with respect to Plaintiff's claim under Tennessee's

    Lemon Law.

    **SO ORDERED** this 6th day of July 2026.

                                        *s/Brian C. Lea*
                                        BRIAN C. LEA
                                        UNITED STATES DISTRICT JUDGE

11